IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINA LEWIS *et al.* : | |
| : | CIVIL ACTION |
| : | |
| Plaintiffs, : | NO. 13-4075 |
| : | |
| v. : | |
| : | |
| CITY AND COUNTY OF PHILADELPHIA *et al.* : | |
| : | |
| Defendants. : | |

**Jones, II, J.**                                                                                                    **August 22, 2014**

**<u>MEMORANDUM</u>**

Plaintiffs Regina Lewis, Gwendoyln McGee and Keyana Hayes brought this action alleging, *inter alia*, violations of their Constitutional Rights stemming from their incarceration at Riverside Corrections Facility. Presently before the Court are the Motions to Dismiss filed by Defendants (Dkt. Nos. 2 & 3) and the responses thereto (Dkt. Nos. 4, 5, 6,&7). For the reasons that follow, Defendants Motions to Dismiss are DENIED.

A.   <u>Facts</u>

Plaintiffs, Regina Lewis, Gwendoyln McGee and Keyana Hayes, were incarcerated at Riverside Corrections Facility ("RCF"), an exclusively female corrections facility, between July 12, 2011 and August 12, 2011. Compl. ¶¶ 26, 58, 72, & 81. During this period, Jovanie Saldana, a male, was also housed at RCF. *Id.* ¶ 30.

Mr. Saldana's male gender was documented in paperwork during the arrest that led to his incarceration, on his FBI extract, and on his NCIC documents. *Id.* ¶¶ 35 & 38. His physiology, including, but not limited to, his voice, facial hair, large muscles, and stature, also clearly

indicated that Mr. Saldana was male.  *Id.* ¶ 39.  Throughout his incarceration, Mr. Saldana was subject to several full strip searches.  *Id.* ¶ 45.  Despite overwhelming evidence of his gender, Mr. Saldana was housed at RCF for approximately one year and two months before he was transferred to a male facility on August 12, 2011.  *Id.* ¶¶ 45 & 53.

Ms. Lewis was housed in the same cell as Mr. Saldana from July 12, 2011 until August 12, 2011.  *Id.* ¶ 58.  Ms. McGee and Ms. Hayes were housed in cells near Mr. Saldana during the same time period.  *Id.* ¶¶ 72 & 81.  Ms. Lewis was forced to expose her naked body to Mr. Saldana during routine activities, including "changing clothing, strip searches, showering and using the bathroom."  *Id.* ¶ 60.  Ms. McGee and Ms. Hayes were forced to expose their naked bodies during similar activities.  *Id.* ¶¶ 73 & 82.  All three Plaintiffs were forced to witness Mr. Saldana's naked body during routine activities.  *Id.* ¶¶ 61, 74, & 83.  Plaintiffs were also allegedly physically assaulted by Mr. Saldana on different occasions.  *Id.* ¶¶ 62, 75, & 84.

Plaintiffs have sued the City and County of Philadelphia, Prison Health Services, Inc., and various officials and employees of the Philadelphia Prison System, alleging violations of the 4th, 8th, and 14th Amendments under 42 U.S.C. §§ 1983, 1985, 1986, and 1988.  *Id.* ¶¶ 90-145.  Additionally, Plaintiffs have brought state law claims alleging gross recklessness, negligence, respondeat superior liability, vicarious liability, civil conspiracy, battery, assault, and intentional infliction of emotional distress.  *Id.* ¶¶ 146-165.  The City of Philadelphia and Louis Giorla, the Commissioner and Chief Warden of the Philadelphia Prison System, have filed a motion to dismiss, arguing that the Plaintiffs' Complaint does not comport with Rule 8 of the Federal Rules of Civil Procedure.  Dkt. No. 2.  Prison Health Services, Inc. has filed a motion to dismiss based on the prejudicial nature of the Plaintiffs' joinder.  Dkt. No. 3.

B.    DISCUSSION

I. <u>City of Philadelphia and Mr. Giorla's Motion to Dismiss</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the courts to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal pursuant to Rule 8 is appropriate when the complaint is "illegible or incomprehensible." *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007). This remedy is typically reserved for "'cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Tillo v. Northland Group Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Plaintiffs Complaint is comprehensible. Counts 1 through 6 allege constitutional violations under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Compl. ¶¶ 90-145. Plaintiffs seek to establish liability on a state created danger theory. *Id.* ¶¶ 104, 108, 121, 129, 138, & 145. The related state law claims articulated in Counts 7 through 9 plainly state the Plaintiffs' allegations and bases for relief. *Id.* ¶¶ 146-165. Defendants' Motion to Dismiss for failure to comport with Federal Rule of Civil Procedure 8(a) is without merit and this Court denies the motion.

II. <u>Prison Health Services' Motion to Dismiss</u>

Prison Health Services, Inc. ("PHS") filed a motion to dismiss the Plaintiffs' Complaint on the grounds that the joinder of the Plaintiffs' claims was prejudicial.  PHS Mot. Dismiss at 3.  Federal Rule of Civil Procedure 20(a)(1) dictates that

> Persons may join in one action as plaintiffs if:  (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).  Federal Rule of Civil Procedure 21 states that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.  Rather, the proper remedy in such cases is to "add or drop a party."  *Id.*  In its discretion, the "court may also sever any claim against a party."  *Id.*  Here, PHS has improperly requested dismissal under Rule 20(a)(1).  Accordingly, the Court denies PHS's motion to dismiss.

An appropriate Order follows.